IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 12-CR-30034—02-MJR |
| | ) | |
| ERIN TODD, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM and ORDER

REAGAN, District Judge:

Erin Todd was indicted in this District for conspiracy in connection with a telemarketing scam involving the resale of vacation timeshares, in violation of 18 U.S.C. §§ 1341, 1343, and 1349. Co-Defendant, David Johnson pled guilty; Todd is set for jury trial on September 10, 2012, with a final pretrial conference and jury instruction conference September 5, 2012.

The undersigned Judge's case management procedures for criminal cases (posted on the court's web site) make clear that **motions in limine** must be filed no later than 21 days before trial, with responses thereto filed no later than 14 days before trial. The procedures also alert counsel to the early deadline for **motions to dismiss** and motions to suppress, which are delineated in the Order Regarding Pretrial Discovery and Motion Practice entered at arraignment (here, on February 7, 2012 at Doc. 13).

Several motions were belatedly filed in this case. On August 28, 2012, Defendant Todd's counsel filed a motion to dismiss for improper venue (Doc. 54). That motion

was filed six months past the deadline imposed by prior Order, but the undersigned Judge allowed the late filing, set a briefing schedule (a response and reply have just been filed), and will orally rule on the motion at the September 5th final pretrial conference.

An additional motion was filed on Monday, September 3, 2012 (Labor Day, when the Court was closed). The Government filed a 12-page "Motion in Limine to Admit Evidence of Defendant's Involvement in Other Timeshare Resale Scams Pursuant to Rule 404(b)" (Doc. 59), together with a separate "Notice of Rule 404(a) and Rule 404(b) Evidence" (Doc. 58).

The purpose of a motion in limine is to allow the trial court to rule on the relevance and admissibility of evidence before it is offered at trial. *See Luce v. United States*, **469 U.S. 38, 41, n.4 (1984)("although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials").** Typically, such motions are used as mechanisms "to *limit* in advance [of trial] testimony or evidence in a particular area," *U.S. v. Heller*, **551 F.3d 1108, 1111-1112 (9th Cir. 2009)(emph. added),** as opposed to securing a ruling that anticipated evidence will be *admitted*.

The Government's motion in limine (Doc. 59) does not ask the Court to exclude evidence or limit testimony. Rather, the motion "seeks permission to introduce, in its case-in-chief, on cross examination of the defendant, or in its rebuttal case, evidence that after she quit her job, [Defendant] Todd went to work for several other timeshare resale scams, … [which] followed the fraudulent model of CVS" (Creative Vacation Solutions),

the company which employed Todd between April and August 2009 (Doc. 59, p. 3). The Government argues that "the jury should be allowed to know about the defendant's involvement with other timeshare resale scams after her tenure at CVS ended," that this evidence is relevant, that this evidence is admissible under Federal Rule of Criminal Procedure 404(b), and that the probative value of this evidence outweighs any danger of unfair prejudice to Defendant Todd from its admission (Doc. 59, pp. 4-8).

To the extent that the Government's arguments are presented as a motion in limine requesting a pretrial ruling that certain evidence will be admitted, the Court **DENIES** the motion (Doc. 59) as untimely filed and as an effort to secure an advisory opinion from the Court before the evidence has been presented and before the Court has heard the testimony (on direct examination) which the Government hopes to challenge via this evidence. The Court's ruling is made without prejudice to counsel raising this issue at trial -- making appropriate objections and, when necessary, requesting sidebar conferences.

To the extent that the question of the Rule 404 evidence has been presented via the Government's simultaneously-filed "Notice of Rule 404(a) and Rule 404(b) Evidence" (Doc. 58), the undersigned Judge will hear counsel's arguments at tomorrow's final pretrial conference.[1]

---

[1] **Federal Rule of Evidence 404(b)(1)** provides that evidence of other crimes, wrongs, or acts is not admissible to prove a person's character "to show that on a particular occasion the person acted in accordance with that character."

IT IS SO ORDERED.

DATED September 4, 2012.

                                            s/ Michael J. Reagan
                                            Michael J. Reagan
                                            United States District Judge

---

**Rule 404(b)(2)** requires that "on request by a defendant …, the prosecutor must: (A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and (B) do so before trial" unless, for good cause shown, the Court excuses the lack of pretrial notice.